SANDERS LAW, PLLC
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 102424



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| National Photo Group, LLC, | Docket No: 13CIV5360 |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | **AMENDED COMPLAINT** |
| Steve Covino, Rich Davis and ABC Corp., | |
| Defendant(s). | |

National Photo Group, LLC ("NPG") (hereinafter the "*Plaintiff*"), by and through its undersigned counsel, states and alleges as follows:

## INTRODUCTION

1. Plaintiff provides entertainment-related photojournalism goods and services and owns the rights to a multitude of photographs featuring celebrities, which it licenses to online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

2. Defendants Steve Covino, Rich Davis and a business entity presently unknown to Plaintiff referred to herein as ABC Corp. (hereinafter collectively referred to as "*Defendants*") own and operate a website known as www.covinoandrich.com (referred to herein as the "*Website*") and without permission or authorization from Plaintiff copied, modified, and

1

displayed Plaintiff's photograph(s) on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

3. Plaintiff has been substantially harmed as a result of Defendants' misconduct.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.

5. This Court has personal jurisdiction over the Defendants who maintain their principal place of business in New York County, New York and purposely direct substantial activities at the residents of New York by means of the website described herein.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because the Defendants do business in this Judicial District or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

7. NPG is a California Corporation and maintains its principal place of business in Los Angeles County, California.

8. On information and belief, Steve Covino, is an individual who resides and/or maintains a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

9. On information and belief, Rich Davis, is an individual who resides and/or maintains a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

10. On information and belief, ABC Corp., is a domestic business corporation with a principal place of business in New York County, New York, the identity of which is presently unknown to the Plaintiff, which is liable and responsible to Plaintiff based on the facts herein

alleged.

## FACTUAL ALLEGATIONS

11. Plaintiff owns the rights to a multitude of photographs which it licenses to online and print publications and has invested significant time and money in building its photograph portfolio.

12. Plaintiff has obtained several active and valid copyright registrations with the United States Copyright Office (the "USCO"), which registrations cover many of its photographs and many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Defendants are the registered owners of the Website and are responsible for its content.

15. The Website provides, *inter alia*, articles, photographs and other information regarding celebrities.

16. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendants profit from these activities.

17. Without permission or authorization from Plaintiff, Defendants copied, modified, and/or displayed Plaintiff's rights protected photographs (hereinafter collectively referred to as "*Photograph(s)*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

18. On information and belief, the Photograph(s) were copied without license or permission, thereby infringing on the Copyrights (hereinafter collectively referred to as the "*Infringement(s)*").

19. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringement(s) was apparent. Based on this totality of circumstances, Defendants cannot claim that they are not aware of the widespread infringing activities, including the Infringement(s), on the Website since such a claim would amount to only

willful blindness to the Infringement(s) on the part of Defendants.

20. On information and belief, Defendants engaged in the Infringement(s) knowingly and in violation of applicable United States Copyright Laws.

21. On information and belief, Defendants have received a financial benefit directly attributable to the Infringement(s). Specifically, by way of the Infringement(s), the Website has increased traffic to it and, in turn, realized an increase in advertising revenues and/or merchandise sales.

22. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Copyright Infringement, 17 U.S.C. § 501 et seq.)

23. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

24. The Photograph(s) are original, creative works in which Plaintiff owns protectable copyright interests.

25. Plaintiff has not licensed Defendants the right to use the Photograph(s) in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendants.

26. Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendants improperly and illegally reproduced the Photograph(s).

27. Defendants' reproduction of the Photograph(s) and display of the Photograph(s) on the Website constitutes willful copyright infringement.

28. On information and belief, thousands of people have viewed the unlawful copies of the Photograph(s) on the Website.

29. On information and belief, Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

30. Defendants' copyright infringement has damaged Plaintiff in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph(s) in violation of 17 U.S.C. § 501 et seq.;

2. That the Court award damages and monetary relief as follows:

    a. Statutory damages against Defendants pursuant to 17 U.S.C. § 504(c) of $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial;

    b. Plaintiff's' attorneys' fees pursuant to 17 U.S.C. § 505;

    c. Plaintiff's costs; and

3. Such other relief that the Court determines is just and proper.

DATED: September 10, 2013

SANDERS LAW, PLLC

_____
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:102424